# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5685 | **DATE** | May 9, 2011 |
| **CASE TITLE** | *McCoy v. City of Chicago* | | |

**DOCKET ENTRY TEXT:**

The City's motion to dismiss [16] is granted in part and denied in part. Specifically, the motion to strike the request for compensatory damages in Count II (ADA retaliation) is granted and the remainder of the motion is denied. This action will be referred to the magistrate judge for supervision of discovery, non-dispositive motions, and a settlement conference at the appropriate time. Once the parties receive the referral order, they are directed to jointly contact the magistrate judge's clerk to obtain a prompt initial status date. This case is set for status before this court on June 23, 2011, at 11:00 a.m.

■[ For further details see text below.]

---

## STATEMENT

Plaintiff Laketa McCoy, a former Traffic Control Aide for the City of Chicago who has been diagnosed with sarcoidosis (an inflammatory disease), seizures, and diabetes, contends that the City discriminated against her due to her disabilities. The City's motion to dismiss portions of her complaint is before the court. For the following reasons, the motion to strike the request for compensatory damages in Count II (ADA retaliation) is granted and the remainder of the motion is denied.

I.      Background

In June of 2005, the City hired Ms. McCoy to work as a Traffic Control Aide. Shortly after Ms. McCoy began working, her doctor sent the City a letter stating that Ms. McCoy suffered from various illnesses and required accommodations such as sitting periodically, access to shade and water, and restroom breaks. The City responded by allowing Ms. McCoy to work four-hour shifts. In July of 2007, at the City's request, Ms. McCoy submitted an updated doctor's note reiterating that she needed to continue working four-hour shifts due to "multiple medical issues." Complaint [Dkt. 1] at ¶ 10. After receiving this note, the City stopped scheduling Ms. McCoy to work four-hour shifts. Ms. McCoy filed an unsuccessful internal appeal of this decision. Since September of 2008, the City has not scheduled Ms. McCoy to work a four-hour

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

shift.  Ms. McCoy contends that this decision effectively terminated her employment, although the City does not appear to have formally terminated her.  *Id*. at ¶ 16.

Ms. McCoy filed a timely charge with the Equal Employment Opportunity Commission which issued a right to sue letter on June 14, 2010.  She then filed a timely four-count complaint against the City alleging that the City violated the Americans with Disabilities Act ("ADA") by discriminating against her based on her disabilities (Count I) and retaliating against her (Count II).  She also contends that the second doctor's note counts as a request for intermittent leave or a reduced schedule under the Family and Medical Leave Act ("FMLA"), and that the City violated the FMLA by retaliating against her (Count III) and interfered with her ability to take FMLA leave (Count IV).  The City moves to dismiss part of Count I as well as Counts II and IV in their entirety.

II.     The City's Motion to Dismiss

A.      Standard of Review

To survive a motion to dismiss, a complaint's request for relief must be "'plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), *quoting Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).  A complaint meets this standard when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "[N]aked assertions devoid of further factual enhancement" are insufficient. *Id*. at 1949 (internal quotation marks omitted).  Thus, the Supreme Court recently clarified that determining if a complaint states a plausible claim is "a context-specific task that requires [the court] to draw on [its] judicial experience and common sense." *Id*. at 1950.

B.      ADA Discrimination (Count I)

1.      Scope of the Charge

The City contends that portions of Ms. McCoy's discrimination claim are based on allegations outside the scope of her EEOC charge, which stated:

Since 2006, Respondent has been providing me an accommodation by allowing me to work four hours a day.  On June 25, 2008, Respondent informed me that they would not be able to continue to accommodate me with a four-hour work schedule as I requested and removed me from work.

The City of Chicago failed to accommodate my physical disability, back disorder; failed to recall based on my physical disability, asthma; failed to recall based on my physical disability, sarcoidosis, failed to recall based on my physical disability, back disorder, and failed to recall based on my mental disability, depression.

In her complaint, however, Ms. McCoy alleges that the City discriminated against her based on her sarcoidosis, partial complex seizures, and diabetes.

(continued)

A claim is not automatically barred if it is not formally mentioned in the underlying agency charge. *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Nevertheless, a plaintiff may only pursue a claim in federal court if it falls within the scope of one of the claims in the underlying EEOC charge. *See, e.g., Conner v. Illinois Department of Natural Resources*, 413 F. 3d 675, 680 (7th Cir. 2005) ("[a]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination and then seek judicial relief for different instances of discrimination").

Conduct is within the scope of the charge if it is "like or reasonably related to" the conduct described in the EEOC charge, *Harper v. Godfrey Co.*, 45 F.3d 143, 148 (7th Cir. 1995), and could "reasonably be expected to grow out of" the EEOC's investigation into the charge, *Cheek v. Western and Southern Life Ins. Co.*, 31 F.3d at 500. Courts also construe EEOC charges prepared without the assistance of counsel broadly "to effectuate the remedial purposes of Title VII, which itself depends on lay persons, often unschooled, to enforce its provisions." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985).

Ms. McCoy contends very briefly that the allegations about all of her illnesses are relevant so the newly mentioned disorders are properly before this court. *See* Response [Dkt. 20] at 10. The City, on the other hand, asserts that the court should dismiss (or, more accurately, strike) any portions of Ms. McCoy's discrimination claim that are based on illnesses not mentioned in the EEOC charge. Based on the charge, the EEOC could reasonably be expected to investigate Ms. McCoy's claims of disability discrimination based on her alleged inability to work more than four hours per day. The court finds that even though the illnesses mentioned in the charge and the complaint are not identical, the charge's allegations "implicate the same conduct and individuals" as the complaint. *Cheek v. Western and Southern Life Ins. Co.*, 97 F.3d at 202); *see also Reliford v. United Parcel Service*, No. 08 C 1266, 2008 WL 4865987, at *8 (N.D. Ill. Jul. 8, 2008) (general claim of age discrimination and retaliation in the plaintiff's EEOC charge was reasonably related to more specific claim articulated in his federal complaint because the complaint merely "clarif[ied] or amplif[ied] the allegations in the EEOC charge"). Accordingly, the City's request to excise portions of Court I is denied.

C.    ADA Retaliation (Count II)

The City next seeks to dismiss Ms. McCoy's ADA retaliation claim, contending that it is beyond the scope of her EEOC charge and, in any event, fails to state a claim for which relief may be granted because it is too vague. Alternatively, it argues that if Count II survives, Ms. McCoy's request for compensatory damages is improper and thus should be stricken.

1.    Scope of the Charge

According to the City, Ms. McCoy's EEOC charge did not explicitly mention retaliation or include facts sufficient to support a retaliation claim. In her charge, Ms. McCoy stated, "[o]n June 25, 2008, I was removed from work after Respondent denied my reasonable accommodation request. As of November 3, 2008 [the filing of the Charge], Respondent has not allowed me to return to work."

(continued)

Generally, discrimination and retaliation claims are not automatically related to each other. *Sitar v. Indiana Dep't of Transp.*, 344 F.3d 720 (7th Cir. 2003). However, if "such claims are so connected in terms of time, people, and substance that to ignore the connection would undermine the remedial purpose of Title VII in favor of an overly technical application of the law," a claim of discrimination in an EEOC charge may support a retaliation claim in a federal complaint. *Id*.

Here, while Ms. McCoy did not use the word "retaliation" in her charge, the wording of the charge demonstrates that Ms. McCoy believed that there was a cause and effect relationship between her request for an accommodation and the City's decision to not schedule her to work. Moreover, Ms. McCoy's retaliation claim necessarily implicates the same people (Ms. McCoy and her superiors at the City) and conduct (the City's decision to stop allowing Ms. McCoy to work a four-hour shift after her physician indicated to the City that this accommodation was still necessary). Thus, the court rejects the City's arguments regarding the scope of the charge.

      2.     Sufficiency of Ms. McCoy's Allegations

As noted above, a plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief" and put the defendant on "fair notice" of the plaintiff's claims and the basis for those claims. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S at 555. The City contends that Ms. McCoy's complaint fails to include enough facts to plausibly support a claim of retaliation under the ADA.

For the purposes of the present motion, the court will assume that Ms. McCoy will elect to proceed using the indirect method of proof. To establish a claim of ADA retaliation using the indirect method, a plaintiff must show that she: (1) engaged in protected activity; (2) was subject to an adverse employment action; (3) was performing her job satisfactorily; and (4) no similarly situated employee who did not engage in protected activity suffered an adverse employment action. *Squibb v. Memorial Medical Center*, 497 F.3d 775, 788 (7th Cir. 2007).

In Count II, Ms. McCoy alleges, among other things, that the City knew she had multiple medical issues, she provided a doctor's note stating that her conditions necessitated a reduced schedule, the City refused to allow her to work a reduced schedule but allowed similarly situated employees to have a reduced schedule, she pursued an unsuccessful internal appeal regarding the refusal to allow her to have a reduced schedule, and that after the City denied her request for an accommodation, it refused to schedule her, and thus prevented her from working. These allegations sufficiently support her retaliation claim and place the City on notice as to the basis of her claim. Thus, the City's motion to dismiss or for a more definite statement is denied.

      3.     Compensatory Damages

Compensatory damages are not available in connection with ADA retaliation claims. *Kramer v. Banc of America Securities, LLC*, 255 F.3d 961 965 (7th Cir. 2004); *Tomao v. Abbott Laboratories, Inc.*, 04 C 3470, 2007 WL 2225905 (N.D. Ill. Jul. 31, 2007) ("it would be illogical to ask the jury to determine whether to award compensatory and punitive damages for retaliation under a statute that does not allow for such recovery"). Accordingly, Ms. McCoy's request for compensatory damages is stricken.

(continued)

D.      FMLA Interference (Count IV)

Under the FMLA, it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided." 29 U.S.C. § 2615(a)(1).  To state a claim for FMLA interference, Ms. McCoy must allege that: (1) she was eligible for FMLA protection; (2) the City was covered by the FMLA; (3) she was entitled to FMLA leave; (4) she provided sufficient notice of her intent to take leave; and (5) the City denied her benefits to which she was entitled.  *Ryl-Kuchar v. Care Centers, Inc.*, 565 F.3d 1027, 1030 (7th Cir. 2009) (citation omitted).

While Ms. McCoy does not plead specific facts supporting the legal conclusion that she was an eligible employee and the City was an eligible employer, the court declines to require this level of nit-pickiness. Moreover, Ms. McCoy clearly asserts that she had a number of medical conditions that, according to her doctor, required a reduced schedule that the City refused to give her.  Finally, while Ms. McCoy does not allege that she invoked the FMLA, she is not required to do so.  *See Burnett v. LFW Inc.*, 472 F.3d 471, 478-79 (7th Cir. 2006) ("[a]n employee need not expressly mention the FMLA in his leave request or otherwise invoke any of its provisions" since she merely needs to place her "employer on notice of a probable basis for FMLA leave"). The City's motion to dismiss Count IV is, therefore, denied.

III.    Conclusion

For the reasons stated above, the City's motion to dismiss [16] is granted in part and denied in part. Specifically, the motion to strike the request for compensatory damages in Count II (ADA retaliation) is granted and the remainder of the motion is denied.